UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MURPHY MEDICAL ASSOCIATES, LLC, *et al.*, | ) ) | CASE NO. 3:22-cv-33 (KAD) |
| *Plaintiff*, | ) ) | |
| v. | ) ) | |
| YALE UNIVERSITY, *et al.*, | ) | MARCH 7, 2024 |
| *Defendants*. | ) | |

<u>**MEMORANDUM OF DECISION**</u>
**RE: DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**
**(ECF NO. 46)**

Kari A. Dooley, United States District Judge:

Pending before the Court is Defendants' motion to dismiss Plaintiffs' Amended Complaint which was filed following the dismissal without prejudice of the original Complaint. *See* ECF No. 40, Mem. of Decision. Defendants argue that the Amended Complaint fails to address the deficiencies identified by the Court in the decision dismissing the Complaint. Specifically, Defendants argue that Plaintiffs' have failed to plausibly allege that they have standing to pursue their sole remaining claim, a purported violation of the Employee Retirement Income Security Act of 1974 ("ERISA") and that, in any event, the Amended Complaint fails to state a claim upon which relief can be granted. Plaintiffs oppose the motion to dismiss. *See* ECF No. 49. For the reasons set forth below, the motion to dismiss is GRANTED. (ECF No. 46)

**Standard of Review**

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678. Nevertheless, when reviewing a motion to dismiss, the court must accept well-pleaded factual allegations as true and draw "all reasonable inferences in the non-movant's favor." *Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010).

"Because a Rule 12(b)(6) motion challenges the complaint as presented by the plaintiff, taking no account of its basis in evidence, a court adjudicating such a motion may review only a narrow universe of materials. Generally, we do not look beyond facts stated on the face of the complaint, . . . documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (citations and internal quotation marks omitted).

**Allegations and Procedural History**

The Court does not repeat the full scope of Plaintiffs' allegations. The parties' familiarity with Plaintiffs' allegations is presumed. Rather, the Court sets forth only those allegations which speak to whether Plaintiffs have adequately alleged facts, which, if proven, would support a determination that Plaintiffs have standing to pursue their ERISA claim or have otherwise adequately pled such a claim.[1]

---

[1] The Court does not repeat the applicable law which was set forth in the Court's decision dismissing the original complaint. *See* ECF No. 40. The discussion of the law applicable to ERISA claims is incorporated herein by reference.

In that vein, Plaintiffs allege that Murphy Medical operated COVID-19 testing sites throughout Connecticut and New York in March 2020. Am. Compl. ¶ 32. Murphy Medical obtained assignment of benefit forms from "many" patients who received testing at their sites, or if the patients registered online, Murphy Medical obtained the forms electronically. Am. Compl. ¶¶ 111–12. Plaintiffs attach a sample assignment of benefits form that Yale beneficiaries would have executed. Am. Compl. ¶ 113 & Ex. C. "Upon information and belief," Yale health plans do not prohibit members from assigning their rights to benefits. Am. Compl. ¶ 114. Even if the plans did prohibit assignment, Plaintiffs allege that Yale waived the anti-assignment provisions in the "course of dealing with and statements to" Murphy Medical. Am. Compl. ¶ 115. Plaintiffs allege that any administrative appeal of the claim denials would be futile and therefore they are not required to exhaust their administrative remedies, and in the alternative, that Yale has otherwise frustrated their ability to use the claim submission process. Am. Compl. ¶¶ 144–50.[2]

**Discussion**

In its Memorandum of Decision, the Court cautioned that while Plaintiffs would be allowed to replead their ERISA claim, Plaintiffs must provide allegations as to "the patients whose rights are being asserted, the alleged assignment of those rights, the specific plans under which Murphy Medical asserts claims, and whether Murphy Medical has exhausted their administrative remedies or whether such exhaustion would be futile." ECF No. 40 at 14. Plaintiffs have not done so.

As to standing, Plaintiffs repeat the conclusory allegations that the Court found deficient in the Complaint insofar as they allege to have received assignment of benefits forms from "many" patients and that "upon information and belief," Yale health plans do not prohibit patients from assigning their rights to benefits. See Am. Compl. ¶¶ 111–14. "Many" does not mean all, nor does

---

[2] Plaintiffs also attached a list of individuals identified by initials for whom testing was completed and for which reimbursement is sought.

3

it provide enough specificity to give Defendants fair notice of whose rights Plaintiff purport to assert or the plans under which those rights derive. Plaintiffs again fail to identify with sufficient particularity the assignor-beneficiaries whose claims it is asserting, the participants through whom the beneficiaries have benefits, or the identity of the plans under which such benefits are allegedly conferred. Plaintiffs merely attach a sample assignment of benefit form, which is insufficient to allow the Court to draw the inference that each beneficiary made a valid assignment. *See DB Healthcare, LLC v. Blue Cross Blue Shield of Arizona Inc.*, 2014 WL 3349920, at *8 (D. Ariz. July 9, 2014), *aff'd*, 852 F.3d 868 (9th Cir. 2017).

Moreover, although Plaintiffs cite to and rely upon information available on the Yale Health Plan website in their Amended Complaint, they fail to acknowledge that the website also contains the Yale Health Member plan document, which explicitly states that the "coverage and rights described in this Booklet are personal to the member and enrolled dependents and cannot be assigned or transferred." *See Employee Member Coverage Booklet 2024*, Yale Health, https://yalehealth.yale.edu/resource/employee-member-coverage-booklet-2024 (last accessed Mar. 5, 2024). An explicit anti-assignment clause operates to defeat any purported assignment. *See MC1 Healthcare, Inc. v. United Health Group, Inc.*, No. 3:17-cv-1909 (KAD), 2019 WL 2015949, at *3 (D. Conn. May 7, 2019) (citing cases).

Plaintiffs further allege that ongoing discussions between the parties in 2021 about the claims at issue constitute a waiver of Defendants' ability to assert the anti-assignment provision. Courts oft reject this argument. *See, e.g.*, *Angstadt v. Empire HealthChoice HMO, Inc.*, No. 15-cv-1823 (SJF)(AYS), 2017 WL 10844692, at *6 (E.D.N.Y. Mar. 16, 2017) ("[T]he fact that defendants communicated with plaintiffs, and responded to their appeals, does not estop defendants from enforcing the applicable anti-assignment provision, nor constitute a waiver of

defendants' rights under the anti-assignment provision."); *see also Merrick v. UnitedHealth Group Inc.*, 175 F. Supp. 3d 110, 120 (S.D.N.Y. 2016) (finding no waiver when defendant had made payments to plaintiff, subsequently communicated with plaintiff regarding such claims, to include requesting documentation on paid claims); *Mbody Minimally Invasive Surgery, P.C. v. Empire Healthchoice Hmo, Inc.*, No. 13-cv-6551 (DLC), 2016 WL 2939164, at *5 (S.D.N.Y. May 19, 2016) (estoppel can only be applied in the ERISA context in "extraordinary circumstances").

Nor does the Amended Complaint contain adequate factual allegations that Plaintiffs have exhausted their administrative remedies under ERISA before bringing these claims, or alternatively, that exhaustion is not required. Plaintiffs offer no plan or policy language detailing what administrative procedures were required or whether they followed such procedures.[3] And Plaintiffs' conclusory allegation that any attempt at exhausting their administrative remedies would have been futile because of Defendants' blanket denial of the claims is likewise insufficient to withstand a motion to dismiss. *Kesselman v. The Rawlings Co.*, 668 F. Supp. 2d 604, 608–09 (S.D.N.Y. 2009).

Notwithstanding these failures to cure the deficiencies previously identified, Plaintiffs assert that the Families First Coronavirus Response Act ("FCCRA") and the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), in combination, give Plaintiffs standing under ERISA because they effectively amended ERISA and/or any ERISA plan to provide for such claims. This Court previously rejected this repackaged argument when deciding that neither the CARES Act nor FFCRA provided a private cause of action for medical providers to seek reimbursement for COVID-19 testing. *See* ECF No. 40 at 4–6.  Indeed, this argument is simply an

---

[3] Plaintiffs' allegations regarding the back and forth with Defendants regarding the submission, documentation, and ultimate denial of Plaintiffs' claims may have satisfied in whole or in part the administrative processes required.  But absent any allegations as to what those requirements entailed, no such determination can be made.

attempted end run around the Court's decision in this regard. The Court is particularly reluctant to read into ERISA, even as purportedly amended by FFCRA or the CARES Act, a change to the administration and enforcement provisions contemplated in § 502. *See Mass. Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 146–47 (1985) ("The . . . carefully integrated civil enforcement provisions found in § 502(a) . . . provide strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly. . . . We are reluctant to tamper with an enforcement scheme crafted with such evident care as the one in ERISA.").

The requisites for bringing an ERISA claim are well established, whether the claim is brought by a plan beneficiary or an assignee of a plan beneficiary. Plaintiffs attempt to sidestep almost all of these requisites by seeking reimbursement for testing done on a massive scale, for individuals with a multitude of different benefit plans, who may or may not have assigned their ERISA benefits, and who may or may not have been allowed to assign their ERISA benefits. ERISA does not countenance such an effort, at least not as presented by the allegations in the Amended Complaint.

**Conclusion**

For the foregoing reasons, Defendants' motion to dismiss the Amended Complaint is GRANTED. (ECF No. 46) The dismissal is with prejudice. The Clerk of the Court is directed to enter judgment in favor of Defendants and close this file.

**SO ORDERED** at Bridgeport, Connecticut, this 7th day of March 2024.

                                         */s/ Kari A. Dooley*
                                         KARI A. DOOLEY
                                         UNITED STATES DISTRICT JUDGE